

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2007

# Pastor-Alvarez v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pastor-Alvarez v. Nash" (2007). *2007 Decisions.* Paper 1055.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1055

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-238                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1402
_____

CARLOS MARIO PASTOR ALVAREZ,
Appellant

v.

JOHN NASH, Warden, Ft. Dix, NJ
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04773)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges.

(Filed May 31, 2007)
_____

OPINION
_____

PER CURIAM

    In 1996 Carlos Mario Pastor-Alvarez was convicted in the United States District

Court for the Southern District of New York of conspiracy with intent to distribute a

controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  Three

years later, after an unsuccessful direct appeal, Pastor-Alvarez filed a motion pursuant to

28 U.S.C. § 2255 which the sentencing court denied. In 2003 he filed a petition pursuant to 28 U.S.C. § 2241. It too was denied.

In 2005 Pastor-Alvarez filed another § 2241 petition, this time arguing that his sentence violated the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005). According to Pastor-Alvarez, this is a structural error which he may raise under § 2241 because AEDPA's restrictions on the filing of second or successive § 2255 motions render § 2255 "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 ¶ 5. The District Court disagreed, dismissing the motion for lack of jurisdiction as an unauthorized § 2255 motion. The court also declined to transfer it to the Second Circuit Court of Appeals to be treated as an application to file a second § 2255 motion. Nevertheless, the court's dismissal of the petition was without prejudice to Pastor-Alvarez's filing his own application. This appeal followed.

As the District Court correctly explained, Pastor-Alvarez's claim falls squarely within § 2255. Although we have held that in certain limited circumstances § 2255 may be considered "inadequate or ineffective," In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), we have emphasized that this exception is very narrow. A petitioner may not resort to § 2241 instead of § 2255 unless he had no prior opportunity to challenge his conviction for actions which an intervening change in the law potentially decriminalized. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Like Apprendi (the decision underlying the petitioner's argument in Okereke), Booker has no such effect on Pastor-Alvarez's conviction.

2

Because the appeal presents no substantial question,[1] we will summarily affirm the judgment of the District Court.

---

[1] The District Court did not err in declining to transfer Pastor-Alvarez's petition to the Second Circuit Court of Appeals to be treated as an application for leave to file a second § 2255 motion. The Supreme Court has not held that Booker applies retroactively to cases on collateral review, and none of its decisions, read together, mandate such a result. See Tyler v. Cain, 533 U.S. 656 (2001); In re Olopade, 403 F.3d 159 (3d Cir. 2005).